

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,273-02

**EX PARTE ARIEL SOLIS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2015-DCR-01127-G IN THE 404TH DISTRICT COURT
### FROM CAMERON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with one count of

continuous sexual abuse of a child and one count of indecency with a child by exposure. He pleaded

guilty pursuant to a plea agreement, and was sentenced to eighteen years' imprisonment for Count

I and ten years' imprisonment for Count II, to run concurrently. He did not appeal his conviction.

On March 17, 2018, this Court remanded this matter to the trial court to address Applicant's

claim that his plea was involuntary because he believed that he was pleading guilty to a reduced

charge in Count I, and was pleading to a second degree felony. The plea papers indicate that the

State agreed to reduce the continuous sexual abuse of a young child offense charged in Count I to the lesser offense of aggravated sexual assault of child. Applicant was admonished as to the punishment range for a first degree felony in Count I. Aggravated sexual assault of a child is a first degree felony, carrying a punishment range of five to ninety-nine years' or life imprisonment. However, the judgment in this case reflected a conviction in Count I for continuous sexual abuse of a young child. The punishment range for continuous sexual abuse of a young child is twenty-five to ninety-nine years' or life imprisonment.

On May 22, 2020, the trial court signed findings of fact and conclusions of law, indicating that a judgment *nunc pro tunc* had been entered, correcting the offense of conviction on the judgment to show that Applicant had in fact pleaded guilty to the lesser-included offense of aggravated sexual assault of a child and had been sentenced to eighteen years' imprisonment in Count I. However, the findings and the judgment *nunc pro tunc* also indicate that the offense of aggravated sexual assault of a child is a second degree felony. Although the eighteen-year sentence in exchange for which Applicant pleaded guilty is within the applicable punishment range for either a first or a second degree felony, the offense of aggravated sexual assault of a child is a first degree felony. Therefore, the trial court shall enter another judgment *nunc pro tunc* to correct the degree of offense to which Applicant pleaded guilty, and shall send a copy of that judgment to the Texas Department of Criminal Justice. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: August 19, 2020
Do not publish